IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER RAGINS                                                    PETITIONER

v.                                                                    NO: 1:00CR139-D

UNITED STATES OF AMERICA                                              RESPONDENT

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner files this action pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## BACKGROUND

Christopher Ragins was indicted October 19, 2000, on six counts of a twenty-four count Indictment. Count One charged that from on or about September 23, 1999, to on or about April 21, 2000, Christopher Ragins, along with twelve other named individuals, conspired with each other and other persons to possess with intent to distribute approximately 169.44 grams of cocaine. Count Seven charged Ragins with aiding and abetting the distribution of 1.55 grams of cocaine base on October 27, 1999. Count Nine charged him with aiding and abetting the distribution of 7.21 grams of cocaine base on November 5, 1999. Count Ten charge Ragins with aiding and abetting the distribution of 1.54 grams of cocaine base on November 12, 1999. Count Twenty charged him, and other defendants, with possession with intent to distribute 105.69 grams of crack cocaine on April 21, 2000. Finally, Count Twenty-One charged Ragins, and other defendants, with possession with intent to distribute 3,269.6 grams of marijuana on April 21, 2000.

Ragins' first counsel withdrew from the case and Ragins, with the assistance of his

second counsel, entered into a plea agreement to plead guilty to Count Twenty. The Government agreed to dismiss the other counts. In accordance with the plea agreement, Ragins appeared before the court on May 10, 2001 and tendered a plea of guilty to Count Twenty which was accepted by the court as knowingly and voluntarily entered.

Ragins' second counsel filed, on July 17, 2001, a motion to withdraw from the case and a motion for Ragins to withdraw his guilty plea. The government opposed both motions, but following a hearing on August 1, 2001, the court allowed counsel to withdraw and allowed Ragins to withdraw his plea and the case was set for trial. A third counsel was appointed on August 6, 2001.

On September 10, 2001, prior to trial, the government dismissed Counts Seven and Ten. Subsequently, a jury was empaneled and trial commenced. Ragins did not testify at his trial, but called two witnesses on his behalf. The first witness only testified about Ragins' business. The witness stated that he referred car wash customers to Ragins and noted that Ragins could make $200 to $300 per week in that business.

Ragins' second witness only provided testimony concerning the car parked behind his home. The witness stated that he lived next door to the petitioner. He testified that he was familiar with Mary Miller's car, a white Oldsmobile, and had no idea where the keys were located. The witness further stated that he had seen no one go into the vehicle, except underneath the hood to work on it. He also stated that he worked during the day.

At the conclusion of the presentation of testimony, Ragins' counsel moved for judgment of acquittal to Count One, Twenty and Twenty-One. The court denied the motions. On September 19, 2001, the jury returned a verdict of guilty on Counts One, Nine, Twenty and Twenty-One.

On October 4, 2001, Ragins moved the court for a new trial, stating that the verdict of the jury was against the overwhelming weight of the evidence, and he should be acquitted, or in the alternative, granted a new trial. On October 9, 2001, the district court denied petitioner's motion.

Following the preparation of a pre-sentence report (PSR), and the submission of written objections, Ragins and his counsel appeared again before the court for sentencing, January 31, 2002. During the hearing, Ragins made an *ore tenus* objection to the quantity of drugs attributed to him. Ragins testified that all of the persons who testified against him during his trial lied. The court overruled his objections.

The district court adopted the findings in the PSR and sentenced appellant to serve 480 months imprisonment on each of Counts One, Nine, and Twenty, and a term of 60 Months imprisonment on Count Twenty-One, all such terms to be served concurrently.

Ragins appealed his conviction, maintaining his sentence was in excess of the appropriate federal sentencing guideline. He further argued the court committed reversible error in not granting his motion for judgment of acquittal regarding counts One, Twenty and Twenty-One. No issues were raised regarding trial counsel's failure to investigate, trial counsel's failure to object, trial counsel's failure to file a rule 29 motion during trial, the court abusing its discretion in not striking a juror, or an allegation that his rights were violated when the court sent a communication to the jury without him being present. The judgment was affirmed on direct appeal without an opinion in *United States v. Ragins*, 02-60120.

On March 12, 2004, Ragins filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging he was denied effective assistance of counsel during the trial. Ragins further contends he was denied effective assistance on direct appeal.

**ASSISTANCE OF COUNSEL**

Petitioner alleges several instances of ineffective assistance of counsel. To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test applies to retained counsel as well as appointed counsel. *See Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir. 1986); *Murry v. Maggio*, 736 F.2d 279 (5th Cir. 1984). In *Strickland*, the Supreme Court held that before post-conviction relief can be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that if fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. *Strickland*, 466 U.S. at 687, 688; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (*superseded on other grounds*, *Sawyer v. Butler*, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988); *Thomas v. Lynaugh*, 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986). Thus, both a deficiency and resulting prejudice must be shown.[1] *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the

---

[1] However, there are circumstances where prejudice can be presumed. *See United States v. Cronic*, 466 U.S. 648, 659 (1984); *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990).

Sixth Amendment. *Strickland*, 466 U.S. at 687; *see also Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). However, the Fifth Circuit has noted the following:

> In determining whether counsel's performance satisfies the requirements of the Sixth Amendment, we must inquire whether, considering all the circumstances, counsel's performance was reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential; we must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. [Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988)].

In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Bridge v. Lynaugh*, 838 F.2d at 773; (quoting *Strickland v. Washington*, 466 U.S. at 689). Finally, counsel is given great deference with a strong presumption that counsel has exercised reasonable professional judgment. *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986).

**I.  Counsel was ineffective for failing to investigate and present expert and layperson voice identification testimony.**

Ragins contends that expert or layperson testimony would have established that his voice was not on a tape recorded telephone conversation with an informant arranging a drug deal. Ragins has not provided any expert testimony or reports supporting his contention. An affidavit from Lewis "Chip" Ragins, the petitioner's brother and a co-defendant in the case, is the only evidence Ragins provides to further his contention.

In view of "the uncertainty of the current state of the law regarding the reliability and admissibility of expert voice identification evidence and the vulnerability of such expert testimony at trial," it cannot be said that counsel's failure to investigate such evidence was

unreasonable.  Furthermore, in order to satisfy the prejudice prong of Strickland, Ragins must show "more than the mere possibility of a different outcome." *Ransom v. Johnson*, 126 F.3d 716, 723 (Tex. Ct. App. 1997). Rather, the petitioner must present "evidence of sufficient quality and force to raise a reasonable probability that," had it been presented to the jury, the outcome would have been different. *Id.*  While the taped conversation was clearly important to proving the government's case, this is not a case where a determination of guilt rested entirely on this evidence.  To the contrary, even assuming Ragins's voice was not on the tape, there was additional significant circumstantial evidence in the record to support the jury's convictions.  Therefore, the petitioner has failed to show a deficiency in his counsel's representation, or any prejudice as a result of the alleged deficiencies.  For these reasons, this claims is without merit and shall be dismissed.

## II. Trial counsel was ineffective for not investigating, interviewing, or subpoenaing essential witnesses.

When the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether.  *Strickland*, 466 U.S. at 691. Defense counsel was given a detailed description of what certain witnesses would testify to by the petitioner prior to trial.  Therefore, defense counsel's decision not to interview the co-defendants appears to have been a strategic decision, as the information was already disclosed by the petitioner.  Under the circumstances of this case, defense counsel's decision not to conduct certain interviews does not amount to ineffective assistance of counsel.  Without a showing of deficiency and prejudice, this claim is without merit and shall be dismissed.

## III. Whether the government violated the petitioner's due process rights, and whether trial counsel was ineffective for failure to investigate to impeach Zebulon Gardner.

Ragins contends that his constitutional rights were violated by the state's use of allegedly perjured testimony. He also claims that defense counsel was ineffective for failing to impeach a witness with the witness's prior perjured testimony.

"To obtain a reversal based on a prosecutor's use of perjured testimony or failure to correct such testimony, a habeas petitioner must demonstrate that 1) testimony was actually false; 2) the state knew it was false; and 3) the testimony was material." *Goodwin v. Johnson*, 132 F.3d 162, 185 (5th Cir. 1998). Allegations of perjured testimony must be supported by substantial factual assertions capable of resolution by an evidentiary hearing. *United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984). The evidence presented by Ragins in his petition do not prove the testimony was actually false and do not prove that the state knew the testimony was false. Furthermore, his assertions are not capable of being resolved by an evidentiary hearing.

Ragins has failed to establish the deficiency and prejudice prongs under *Strickland*. He has not established that defense counsel's failure to impeach the witness with alleged perjured testimony amounts to deficient representation. Furthermore, Ragins has not shown how the alleged deficiency has caused him prejudice. For these reasons, this claim is without merit and shall be dismissed.

**IV.** **The trial judge abused his discretion for not excusing juror, Melissa Mitchell, for bias in violation of petitioner's sixth amendment rights to trial by jury, and counsel was ineffective for not objecting to juror bias.**

Ragins contends that juror Mitchell should have been excused for cause from jury service because her brother was incarcerated for drug related crimes and underwent drug rehabilitation in prison. "The decision of a trial court to excuse a juror for cause upon the suggestion of bias is within the sound discretion of the court." *United States v. Gordon*, 812 F.2d 965, 970 (5th Cir. 1987), *cert. denied*, 482 U.S. 908 (1987). That standard used for determining if a juror should be

excused for cause is whether the juror's views would "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Wainwright v. Witt*, 469 U.S. 412, 424 (1985). A juror is impartial if he or she can lay aside any previously formed "impression or opinion as to the merits of the case" and can "render a verdict based on the evidence presented in court." *United States v. Polan*, 970 F.2d 1280, 1284 (3rd Cir. 1992). Juror Mitchell asserted during voir dire that she could, in fact, serve as an unbiased juror. There was no reason for the trial judge to doubt Ms. Mitchell's answer. Therefore, the trial judge's decision not to excuse juror Mitchell was clearly within his discretion and will not be overturned. Furthermore, the petitioner has not established that his counsel's conduct was deficient nor that he was prejudiced. As such, petitioner's ineffective assistance of counsel claim is without merit and shall be dismissed.

**V.     Petitioner's Fifth Amendment due process rights were violated when the prosecution vouched for the credibility of their witnesses, and trial counsel was ineffective for failure to object and ask for curative instructions and/or a mistrial.**

Generally, a prosecutor may not vouch for the credibility of a government witness. *United States v. Ramirez-Velasquez*, 322 F.3d 868 (5th Cir. 2003). A criminal conviction, however, "is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context." *United States v. Young*, 470 U.S. 1, 11 (1985). It is not improper vouching for a prosecutor to call to the jury's attention that a cooperating witness has entered into a plea agreement that obliges the witness to testify truthfully. *See Jackson v. Johnson*, 194 F.3d 641, 654 (5th Cir. 1999). Further, it is not improper vouching for a prosecutor, on closing argument, to describe the terms of a cooperating witness's plea agreement, including terms requiring truthful testimony and the penalties for not testifying truthfully. *See United States v. Oxman*, 740 F.2d 1298, 1303 (3d Cir. 1984).

In support of his contention that the government vouched for the credibility of its witnesses, Ragins focuses on the government's closing argument. During the closing argument, the prosecutor stated that Mr. Leach had no reason to come here and lie about what happened, and had an obligation to tell the truth due to his reduction in his sentence. In reading the statements made by the prosecution in the context of the trial, it is clear the prosecutor's comments were based on evidence in the record. Therefore, Ragins is unable to establish the government engaged in improper vouching. Since the prosecutor did not engage in improper vouching, petitioner can not establish that he was prejudiced by defense counsel's decision not to object to the statements. Without a showing of prejudice, the petitioner's claim is without merit and shall be dismissed.

**VI.  Trial counsel was ineffective for failure to file a valid Rule 29 motion properly during trail.**

Ragins contends that defense counsel was ineffective for failing to make a Rule 29 motion at the close of the defendant's case. In order to prevail on his claim, the petitioner must establish counsel's deficient conduct and the prejudice caused by that conduct, as set forth in *Strickland*. Based on the evidence presented by the prosecution at trial, petitioner can not establish that he was prejudiced by defense counsel's failure to make a Rule 29 motion. Had defense counsel made the motion, petitioner has not established that the trial judge would have granted the motion. Without such a showing, the petitioner can not prove how he was prejudiced. Because the petitioner has not fulfilled the two requirements set forth in *Strickland*, this claim is without merit and shall be dismissed.

**VII.  Petitioner contends that he was denied his Fifth and Sixth Amendment rights by a communication from the trial court to the jury during deliberation, without his presence, and not in open court, pursuant to Rule 43 of the Federal Rules of Criminal Procedure.**

"Rule 43 of the Federal Rules of Criminal Procedure requires that the defendant be present (if he desires) 'at every stage of the trial', and this has been held to include the giving of a supplementary instruction or other communication with the jury after it has begun deliberating." *Rogers v. United States*, 422 U.S 35, 39 (1975). However, "this right is not absolute." *United States v. Gagnon*, 470 U.S 522, 526 (1985). "A defendant does not have the right to be present when presence would be useless or the benefit but a shadow." *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934).

The communication between the trial court and the jury was not related to a question of fact, and the petitioner's presence was not required and would not have aided the court in making its determination. Although petitioner was not present when the trial court informed counsel of the communications from the jury, defense counsel was given an opportunity to argue how he believed the trial court should respond to the jury. For these reasons, any error on the part of the trial court in communicating with the jury without the petitioner present was harmless. Without a showing of deficient conduct and prejudice, the petitioner can not prevail on his ineffective assistance of counsel claim. For these reasons, this claim is without merit and shall be dismissed.

**VIII. Appellate counsel, David O. Bell, was ineffective "on direct appeal."**

"Counsel's performance on appeal is judged under the two-prong *Strickland* test. On appeal, effective assistance of counsel does not mean counsel who will raise every non-frivolous ground of appeal available. Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). In order to demonstrate prejudice, a petitioner must show that had counsel acted in a different manner a new trial would have been granted. *Id.*

Ragins contends that his counsel on direct appeal ineffectively represented him by failing to raise several issues. It is important to remember that counsel is given great deference with a strong presumption that counsel has exercised reasonable professional judgment. *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986). Assuming, without deciding, that defense counsel was deficient on direct appeal, petitioner has not proven how he was prejudiced by defense counsel's strategic decision to raise only certain issues. Since petitioner has not proven how he was prejudiced by defense counsel's alleged deficiencies, his claim is without merit and shall be dismissed.

In sum, all of the claims in this petition for a writ of habeas corpus are without merit, and this case shall be dismissed with prejudice**.** An appropriate final judgment will issue.

This the <u>8th</u> day of May, 2006.

/s/ Glen H. Davidson
  CHIEF JUDGE