IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:00-cr-00139-GHD-DAS-9

CHRISTOPHER RAGINS  DEFENDANT

## MEMORANDUM OPINION DENYING DEFENDANT CHRISTOPHER RAGINS' 18 U.S.C. § 3582 MOTIONS FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO OFFENSE

Presently before the Court are two motions filed by Defendant Christopher Ragins in the above case pursuant to 18 U.S.C. § 3582: a *pro se* motion for retroactive application of Sentencing Guidelines to crack cocaine offense [463] and a *pro se* motion to rescind amended judgment and/or motion for a sentence reduction [465]. The Government has responded to the motions, and the matters are now ripe for review. Upon due consideration, the Court finds that both motions should be denied.

On September 19, 2001, Defendant Christopher Ragins was convicted by a jury of conspiracy to possess with intent to distribute approximately 169.44 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count One); distribution of approximately 7.21 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) (Count Nine); possession of 105.69 grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(A) (Count 20); and possession of 3,269.6 grams of marijuana with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(D) (Count 21). Defendant was held accountable for 2,871.08 grams of crack cocaine; 4,687.1 grams of marijuana; and 28.35 gram of cocaine powder. According to the 1999 Sentencing Guidelines, Defendant's base offense level was a 38. With a two-level enhancement for possession of a dangerous weapon, Defendant faced a total offense level of 40.

With a criminal history category III, Defendant's Guideline Range was 360 months to life imprisonment. On January 31, 2002, the Court sentenced Defendant to 480 months imprisonment, which is approximately 33% above the low end of the Guideline Range.

The Court granted Defendant's subsequent motion for reduction of sentence pursuant to § 3582(c)(2), reducing his base offense level to 36 based on changes in the Sentencing Guidelines. Defendant's previous offense level was 40; his amended offense level was 38. As a result, Defendant's sentence was reduced from 480 months to 360 months, which was approximately 23% above the low end of the Guideline Range. Under the current Sentencing Guidelines, Defendant still has a base offense level of 36. *See* U.S.S.G. § 2D1.1 (Drug Quantity Table).

Defendant urges his motions for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the Sentencing Guidelines governing crack offenses. The Court notes that the Fair Sentencing Act does not apply to Defendant, because Defendant was sentenced on January 31, 2002, before the Fair Sentencing Act took effect on August 3, 2010. *See United States v. Derrow*, 532 F. App'x 574, 575 (5th Cir. 2013) (per curiam) (citing *Dorsey v. United States*, — U.S. —, —, 132 S. Ct. 2321, 2335–36, 183 L. Ed. 2d 250 (2012)).

The Fifth Circuit has stated: "Section 3582(c)(2) establishes a two-step inquiry. Step one requires a district court to consider whether a defendant is eligible for a sentence reduction under § 1B1.10 of the Sentencing Guidelines." *United States v. Carey*, 496 F. App'x 405, 408 (5th Cir. 2012) (per curiam) (citing *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). "[Section] 3582(c)(2) only applies to amendments that result in lowering a defendant's guidelines range." *United States v. Jackson*, 532 F. App'x 581, 582 (5th Cir. 2013) (per curiam) (citing *Dillon*, 560 U.S. at 825–29, 130 S. Ct. 2693; U.S.S.G. § 1B1.10(a)(2)(B)).

The most recent changes to the Sentencing Guidelines do not amend the Defendant's sentence in that they do not have the effect of lowering Defendant's Guideline Range. Thus, Defendant is not eligible for a sentence reduction under § 3582(c)(2) and his motions must be denied.

THEREFORE, Defendant Christopher Ragins' two motions, a *pro se* motion for retroactive application of Sentencing Guidelines to crack cocaine offense [463] and a *pro se* motion to rescind amended judgment and/or motion for a sentence reduction [465], are DENIED.

THIS, the 22 day of May, 2014.

_____
SENIOR JUDGE